TOLBEE (UNITED STATES v.). See Case No. 16,529.

## Case No. 14,077.

### The TOLEDO.

[1 Brown's Adm 445.] [1]

District Court, E. D. Michigan. March, 1873.

PRACTICE IN ADMIRALTY—CROSS-LIBEL—SECURITY FOR DAMAGES—FORM OF ACTION.

The 53d rule in admiralty, requiring the respondents in a cross-libel to give security to re-

[1] [Reported by Hon. Henry B. Brown. District Judge, and here reprinted by permission.]

spond in damages as claimed in the cross-libel, applies as well to actions in rem as to those in personam.

Motion to vacate an order requiring libellant to give security to answer the cross-libel, and for stay of proceedings.

H. B. Brown, for the motion, cited The Bristol [Case No. 1.889].

W. A. Moore, contra.

LONGYEAR, District Judge. Rule 53, under which the question presented arises, reads as follows: "Whenever a cross-libel is filed upon any counter-claim arising out of the same cause of action for which the original libel was filed, the respondents in the cross-libel shall give security, in the usual amount and form, to respond in damages as claimed in the said cross-libel, unless the court, on cause shown, shall otherwise direct: and all proceedings upon the original libel shall be stayed until such security shall be given." Timothy Crowley, master of the scow Snow Bird, filed his libel in rem against the propeller Toledo, for collision. The propeller having been seized, the Union Steamboat Company, a corporation organized and existing under the laws of the state of New York, owner of the propeller, put in its claim and answer, admitting the collision as alleged, but denying that the propeller was in fault, and alleging that the collision was caused solely by the fault of the scow, and setting up a counter-claim for damages on account of the same collision, in the sum of $700, for the recovery of which the respondent filed therewith its cross-libel against the scow, and prayed for a stay of proceedings upon the said original libel, until security should be given as required by the said rule 53. No process has been issued upon the cross-libel, but an order was granted staying proceedings upon the original libel, conditionally, as prayed in the answer, and to vacate which this motion is now made.

The ground of the motion is that rule 53 applies to libels and cross-libels in personam only, and not to those in rem. The language of the rule used in describing the subject-matter to which it relates is certainly broad enough to cover both classes of cases; and, looking to that, and to the evil which the rule was evidently intended to remedy, it does not seem to me to admit of a doubt that such is the scope and effect of the rule. Before the rule, no security could be obtained, or proceedings had upon a cross-libel without the issuing and service of process. On this account, it often resulted that any remedy by cross-libel was impossible, on account of the libellant in the original libel, in an action in personam, or the vessel represented by the libellant in an action in rem, being and remaining beyond the same jurisdiction. This often resulted in the grossest injustice and oppression, equivalent in some cases to an absolute failure of jus-

tice. The respondent or claimant in the original suit in such cases, was obliged to follow the libellant, or the vessel, into other, and often foreign jurisdictions, involving ruinous outlays and delays. And often, when arrived where the libellant or the vessel was, he found there was no admiralty jurisdiction of the particular cause of action in question, on account of which he was deprived of the power to obtain security by a seizure of the vessel, and was obliged to resort to an action at common law, or forego any remedy whatever; and that, too, while his opponent had the full benefit of security by seizure under our admiralty jurisdiction. For instance: In the British American provinces, the admiralty and maritime laws of England prevail. By those laws there is no admiralty jurisdiction beyond tide-water, and hence none upon the waters of the great lakes, and their connecting waters, and the St. Lawrence above tide-water—which are nearly equally divided between those provinces and the United States, and constitute the boundary between the two countries to a vast extent, being not far from 1,500 miles in all. All the waters named being public navigable waters, and it being now well settled that the English rule as to tide-water, does not obtain in this country, and that the jurisdiction of the United States admiralty courts extends over all public navigable waters, our courts have and entertain jurisdiction over the waters named. Now, in case of a collision between an American and a Canadian vessel on some of those waters (which is exactly the present case), the Canadian owner may libel the American vessel in our courts (just what was done in this case), and obtain security for the damages he may recover by a seizure of the vessel—a privilege which is denied the American owner in the Canadian courts, notwithstanding the collision may have been caused in part, or even wholly, by the fault of the Canadian vessel. In my opinion it was to remedy this class of evils that rule 53 was made. If I am correct in this, then it would deprive the rule of its chiefest virtue to limit it to actions in personam alone. And I can see no good reason in the nature of the cases to which it relates for so limiting it in its application. The cases to which it relates are described in the rule as being those of cross-libels filed upon any counter-claim arising out of the same cause of action for which the original libel was filed. It must be, then, a cross-libel filed upon a claim arising out of a contract, tort, or other cause of action of which the court already has jurisdiction by the original libel. In case of a counter-claim being set up, a cross-libel is necessary, not to give the court jurisdiction of the subject-matter—it already has that—but in order to entitle the party setting up such claim to affirmative relief; such relief, when granted, however, must, from the nature of the

case, be such and such only, as, in the language of the rule, as well as upon those familiar general principles governing cross-actions, arises "out of the same cause of action for which the original libel was filed." A seizure is therefore not necessary to give the court jurisdiction of such counter-claim, independently of rule 53; and before that rule a seizure was necessary only as a security for the enforcement of the remedy. The means of obtaining that security, without the necessity of process and a seizure, is provided for by the rule, and I can see no good reason, constitutionally or otherwise, why it may not be done in that manner. Neither can I see anything in the language of the rule by which its application is necessarily limited to actions in personam. The court was referred, upon the argument, to a recent decision in the district court for the Southern district of New York (The Bristol [supra]), holding that rule 53 is limited to suits in personam, as is here contended. The learned judge in that case seems to lay considerable stress upon the use in the rule of the expression, "respondents in the cross-libel," as implying a suit in personam. I can agree with him so far as to concede that a more fortunate expression might have been used to indicate what I conceive must be its meaning. Libellants in an original libel, whether in personam or in rem, must, of necessity, become "respondents in the cross-libel;" and I think that is all that is meant by the expression. And I think this meaning is further indicated by the provision of the rule for a stay of proceedings; because it would be unjust to the libellant in the original libel that all proceedings upon the original libel should be stayed until such security shall be given, as the rule provides, if he is not the person meant. An examination of others of the admiralty rules shows that the terms "respondent" and "defendant" are used indiscriminately, as having the same meaning, with a seeming disregard for exact technical nicety in the use of terms, and as equally applicable to suits in rem and in personam. At all events, I do not think there is sufficient in the use of that expression to do away with what is, to my mind, the evident object and purpose of the rule.

I entertain a high respect for the learning and ability of the judge who delivered the opinion above referred to, and have derived much aid in the past, as I expect to in the future, from his published opinions. It is very seldom I have occasion to differ with him, and when I do so it is with the greatest reluctance. In this case, for the reasons given, I am compelled to do so. I hold, therefore, that rule 53 applies to suits in rem as well as to suits in personam. Motion denied.

TOLEDO, P. & W. R CO. (SECOR v.). See Case No. 12,605.

*

END OF CASES IN BOOK 23.